IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARBARA M. SHARBINE                                            PLAINTIFF

VS.                         CASE NO. 09-CV-1025

BOONE EXPLORATION, INC.                                DEFENDANT

## **MEMORANDUM OPINION**

Before the Court is a Motion to Dismiss filed on behalf of Defendant Boone Exploration, Inc. (Doc. 2). Defendant also pleads in the alternative a Motion for More Definite Statement. (Doc. 2). Plaintiff, Barbara M. Sharbine, has responded. (Doc. 6). The Court finds the matter ripe for consideration.

## BACKGROUND

Barbara M. Sharbine was hired by Boone Exploration, Inc. to work as an oil-field worker in Columbia County, Arkansas. She was placed on a crew with five male co-workers. Sharbine alleges that starting on December 22, 2006, through January 3, 2007, her male co-workers used crude and profane language around her and in reference to her. These comments included remarks about Sharbine's genitals and what they would like to do to her in a sexual manner. During this time, a male co-worker also dropped his pants in front of Sharbine and exposed himself to her. Sharbine complained about this behavior to her supervisor. She claims that her co-workers were never reprimanded or told to cease the inappropriate behavior.

On January 3, 2007, Sharbine was terminated from her employment with Boone. Sharbine claims that Jerry Blankenship, her supervisor, told her that she was being terminated

because she was "a good-looking woman on an all male crew." She also claims that Blankenship told her, "You should have expected [it] and should have been able to deal with it."

On June 19, 2007, Sharbine filed a charge of discrimination against Boone with the Equal Employment Opportunity Commission ("EEOC"). In her charge, Sharbine claimed that while employed by Boone, she was discriminated against on the basis of her sex. On October 2, 2008, the EEOC issued a determination that there was reasonable cause to believe that Sharbine had been subjected to unlawful harassment. The EEOC then invited the parties to attempt to reach a resolution of the matter. No resolution was reached, and on February 9, 2009, the EEOC issued Sharbine a Notice of Right to Sue letter.

On May 8, 2009, Sharbine filed suit in this Court against Boone Exploration, Inc. In her complaint, Sharbine alleges that her civil rights were violated on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended at 42 U.S.C. § 2000e and the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-101, et seq. She also claims that Boone's actions were outrageous under Arkansas's common law tort of outrage. In lieu of an answer, Boone filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, a Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e). The matter is now before the Court on these pending motions.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) states that a complaint should be dismissed if it fails to state a claim upon which relief may be granted. The Federal Rules of Civil Procedure require that a complaint state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss should be granted when all

factual allegations stated in the complaint fail to "state a claim to relief that is plausible on its face" or when the law is dispostive on the issue. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1965, 167 L. Ed.2d 361 (2007). Typically, civil rights pleadings are construed liberally. However, they must still contain facts that state a claim as a matter of law and may not be conclusory. *See Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995). When considering a motion to dismiss, the court will presume that all allegations in the complaint are true, resolve all doubts and inferences in the non-moving party's favor, and view the pleadings in the light most favorable to the non-moving party. *See Bell Atlantic,* 550 U.S. at 555.

## DISCUSSION

In her complaint, Sharbine alleges three cause of action against Boone Exploration, Inc.—a Title VII sexual harassment claim, an ACRA sexual harassment claim and a claim for the tort of outrage. Taking her allegations as true, the Court must determine if Sharbine has alleged sufficient facts in her complaint to state a claim against Boone for each cause of action.

1) <u>Sharbine's Outrage Claim</u>

Under Arkansas law, to establish a claim for the common law tort of outrage, a plaintiff must be able to establish: 1) that the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; 2) that the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civil community; 3) that the actions of the defendant were the cause of plaintiff's distress; and 4) that the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *Kelley v. Georgia-Pacific Corp.,* 300 F.3d

3

910, 912 (8th Cir. 2002) (citing *McQuay v. Guntharp,* 331 Ark. 466, 470, 963 S.W.2d 583, 585 (1998)). To determine if conduct is "extreme and outrageous," courts look at "the conduct at issue; the period of time over which the conduct took place; the relation between the plaintiff and defendant; and defendant's knowledge that plaintiff is particularly susceptible to emotional distress by reason of some physical or mental peculiarity." *Doe v. Wright,* 82 F.3d 265, 269 (8th Cir. 1996) (citing *Hamaker v. Ivy,* 51 F.3d 108, 111 (8th Cir. 1995)). A plaintiff does not meet the burden if his complaint merely describes "insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Seals v. Correctional Medical Services, Inc.,* 473 F. Supp. 2d 912, 925 (E.D. Ark. 2007) (quoting *Ingram v. Pirelli Cable Corp.,* 295 Ark. 154, 158, 747 S.W.2d 103, 105 (1988)). "The standard that a plaintiff must meet in order to satisfy the elements of outrage in Arkansas 'is an exceptionally high one.'" *Kelley,* 300 F.3d at 912 (quoting *Poindexter v. Armstrong,* 934 F. Supp. 1052, 1057 (W.D. Ark. 1994)). This standard is even higher in employment cases. *See id.* (citing *Palmer v. Arkansas Council on Economic Education,* 344 Ark. 461, 40 S.W.3d 784 (2001)).

In Sharbine's complaint, she alleges that over a two week period her co-workers used crude and profane language in her presence and made inappropriate sexual remarks about themselves and her. A co-worker also dropped his pants and exposed himself to her on one occasion. Sharbine complained to her supervisor about the conduct but her co-workers were never reprimanded or told to stop the behavior. After reporting the behavior, Sharbine was fired. The reason given for her termination was that she was a "good-looking woman on an all male crew." She was also told, "You should have expected (it) and should have been able to deal with it." (Doc. 1, p. 2). Sharbine alleges that Boone should have known that she would suffer

4

emotional distress as a result of it refusing to stop the inappropriate conduct of her co-workers. She further alleges that both her co-workers' conduct and the conduct of Boone was "extreme, outrageous, and utterly intolerable in a civilized society." Sharbine claims that Boone's conduct, in tacitly approving the conduct of her co-workers, was the cause of her distress. (Doc. 1, p. 4).

After reviewing Sharbine's complaint and taking her allegations as true, the Court finds that although the alleged conduct by Boone and her co-workers may have been inappropriate, it was not so extreme as to support a claim of outrage in Arkansas. In this state, the courts take a strict view in recognizing outrage claims. *See Jones v. Clinton,* 990 F.Supp. 657 (E.D. Ark. 1998); *Ingram v. Pirelli Cable Corp.,* 472 S.W.2d 103 (Ark. 1988). A high burden is placed upon a plaintiff when seeking such a claim, especially in employment cases. *Kelley,* 300 F.3d at 912. Here, Sharbine simply claims that the conduct of Boone and her co-workers was extreme and outrageous. However, this alone is not enough to support a claim of outrage. *See Seals,* 472 F. Supp. 2d at 925 ("Merely describing the conduct as outrageous does not make it so."). Thus, Sharbine has failed to meet the exceptionally high burden required to state a claim of outrage in Arkansas. Accordingly, Boone's Motion to Dismiss for the tort of outrage should be granted and the claim dismissed.

2) Sharbine's Title VII Claims

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Discrimination based upon sexual harassment is generally separated into two categories — hostile work environment and quid pro quo claims. Both are cognizable under

5

Title VII. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 752 (1998) (citing *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57 (1986)). The difference between a quid pro quo harassment claim and that of a hostile work environment is that one involves threats to retaliate against an employee if she "denies [the harasser] some sexual liberties," and those threats are carried out, while the other involves "bothersome attention or sexual remarks that are sufficiently severe or pervasive to create a hostile work environment." *Id.* at 751.

In order to prevail on a quid pro quo harassment claim, a plaintiff must show: 1) she was a member of a protected group; 2) she was subjected to unwelcome harassment in the form of sexual advances or requests for sexual favors; 3) the harassment was based on sex; and 4) her submission to the unwelcome advances was an express or implied condition for receiving job benefits or her refusal to submit resulted in a tangible job detriment. *Ogden v. Wax Works, Inc.,* 214 F.3d 999, 1006 n. 8 (8th Cir. 2000) (citing *Cram v. Lamson & Sessions Co.,* 49 F.3d 466, 473 (8th Cir. 1995)). Here, Sharbine alleges that she was a female working on an all male crew and that she was subjected to unwelcome sexual comments by her co-workers. She does not claim that these comments included any threats, implied or express, of retaliation if she refused to submit to her co-workers' sexual advances. Thus, Sharbine has not alleged sufficient facts to state a plausible claim for quid pro quo harassment. Accordingly, Boone's Motion to Dismiss regarding a claim of quid pro quo harassment should be granted and the claim dismissed.

In order to prevail on a hostile work environment claim based upon sexual harassment by a non-supervisory employee, a plaintiff must show: 1) that she belongs to a protected group; 2) that she was subjected to unwelcome harassment; 3) that a causal nexus exists between the harassment and plaintiff's protected group status; 4) that the harassment affected a term,

condition, or privilege of her employment; and 5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Vajdl v. Masabi Acad. of KidsPeace, Inc.,* 484 F.3d 546, 549-50 (8th Cir. 2007). In her complaint, Sharbine alleges that she was a female working on an all male crew, that she was subjected to unwelcome sexual comments by her co-workers, that she was harassed because she was a good looking woman, that her employment was affected to the point that she complained of the behavior, and that her employer knew of the harassment and did nothing to stop it. Boone argues that these allegations are not so severe or pervasive as to alter a condition or privilege of Sharbine's employment. Therefore, she can not prevail on a sexual harassment hostile work environment claim under Title VII. However, at this stage of the litigation Sharbine is only required to state a claim that, if supported by the evidence, would entitle her to the relief she requests. She has met this burden. Sharbine's allegations are sufficient to state a plausible claim for hostile work environment based upon sexual harassment. Accordingly, Boone's Motion to Dismiss regarding this claim should be denied.

Title VII also prohibits an employer from retaliating against an employee for engaging in a protected activity. In order to make out a claim of retaliation under Title VII, a plaintiff must show: 1) that she engaged in protected activity; 2) that her employer took an adverse employment action; and 3) that there was a causal nexus between the protected activity and the adverse action. *Hesse v. Avis Rent-a-Car Sys., Inc.,* 394 F.3d 624, 632 (8th Cir. 2005). Here, Sharbine alleges that she complained about the sexual harassment to her supervisor. She also claims that after she complained of the harassment, Boone fired her. These allegations are sufficient to state a plausible claim of retaliation under Title VII. Accordingly, Boone's Motion to Dismiss

regarding Sharbine's claim of retaliation should be denied.

   3) Sharbine's ACRA Claims

The Eighth Circuit has consistently held that cases arising under the Arkansas Civil Rights Act should be considered in the same manner as Title VII claims. *Henderson v. Simmons Foods, Inc.,* 217 F.3d 612, 615 n. 3 (8th Cir. 2000); *Island v. Buena Vista Resort,* 103 S.W.3d 671, 675-76 (Ark. 2003) (holding that Arkansas courts will look to "Title VII and federal cases interpreting Title VII for guidance on sexual-harassment claims brought pursuant to the Arkansas Civil Rights Act"). In this case, the Court has ruled that Sharbine has alleged sufficient facts to state plausible hostile work environment and retaliation claims under Title VII. Accordingly, the Court finds that these facts are equally sufficient to state such claims under the ACRA.

Boone argues that Sharbine has failed to qualify her cause of action under the ACRA because she has not shown that Boone employed nine or more employees in the state in each of twenty or more calendar weeks in the current or proceeding calendar year. *See* Ark. Code Ann. § 16-123-105(5). In response, Sharbine argues that Boone has all relevant information regarding its number of employees and she will be able to prove, after discovery, that it meets the definition of an "employer" under the statute. If she is unable to make such proof, then dismissal would be proper in a summary judgment motion. The Court agrees with Sharbine and will allow discovery to take place to determine if Boone qualifies as an "employer" under the ACRA. Therefore, Boone's Motion to Dismiss Sharbine's claims under the Arkansas Civil Rights Act should be denied.

   4) Sharbine's Motion for More Definite Statement

Under the Federal Rules of Civil Procedure, a pleading is sufficient if it contains a "short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules also allow for a motion for more definite statement if the original complaint is so vague and ambiguous that the opposing party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). "The essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim and a general indication of the type of litigation involved.'" *Northern States Power Co. v. Federal Transit Admin.,* 358 F.3d 1050, 1056-57 (8th Cir. 2004) (quoting *Oglala Sioux Tribe of Indians v. Andrus,* 603 F.2d 707, 714 (8th Cir. 1979)). A pleader does not have to set forth legal theories, and even an incorrect theory is not essentially fatal to the pleader. *See Crull v. GEM Ins. Co.,* 58 F.3d 1386 (9th Cir. 1995); *Williams v. Seniff,* 342 F.3d 774 (7th Cir. 2003).

In Sharbine's complaint, she alleges that her civil rights were violated and that she is entitled to relief under Title VII, the ACRA, and the common law tort of outrage. This complaint follows the federal notice pleading standard. It sets out the grounds for jurisdiction, contains a statement that Sharbine is entitled to relief under various theories, and makes a demand for relief. It is not so vague and ambiguous that Boone cannot reasonably prepare a response. Therefore, Boone's Motion for More Definite Statement should be denied.

## CONCLUSION

For the reasons discussed herein, the Court finds that Defendant's Motion to Dismiss with respect to Plaintiff's claim under the common law tort of outrage should be and hereby is **granted**. Defendant's Motion to Dismiss with respect to Plaintiff's claims for quid pro quo harassment under Title VII and the ACRA should be and hereby are **granted.** Defendant's Motion to Dismiss with respect to Plaintiff's claims for hostile work environment and retaliation

under Title VII and the ACRA should be and hereby are **denied**. Defendant's alternative Motion for More Definite Statement should be and hereby is **denied.** An order of even date, consistent with this opinion, shall be issued.

    IT IS SO ORDERED, this 9th day of March, 2010.

                                      /s/Harry F. Barnes
                                      Hon. Harry F. Barnes
                                      United States District Judge